UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS G. STEWARD,

             Petitioner,

          V.

FLOYD G. BENNETT,

             Respondent.
_____

ORDER

01-CV-569

**APPEARANCES:**

THOMAS G. STEWARD
Petitioner, pro se
97-B-1161
Auburn Correctional Facility
135 State Street
Auburn, NY 13021

HON. ANDREW M. CUOMO
Office of the Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**OF COUNSEL:**

SENTA B. SIUDA, ESQ.

## I. INTRODUCTION

Petitioner, Thomas Steward, acting *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is presently an inmate at the Auburn Correctional Facility. In 1996, he was convicted in a New York State court of Second Degree Murder, two counts of First Degree Robbery, and Fourth Degree Criminal

Possession of a Weapon and was thereafter sentenced to a term of imprisonment. Petitioner contends that his conviction was imposed in violation of his constitutional rights and should be vacated.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 58).

## II. FEDERAL HABEAS CORPUS PROCEEDINGS

Petitioner commenced this action on April 19, 2001, by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1).  On May 17, 2001, Petitioner was ordered by the Court to file an Amended Petition to clarify his claims and to help the Court determine whether his Petition was timely.  (Docket No. 3).

Petitioner filed an Amended Petition on May 31, 2001.  (Docket No. 5).  In his Amended Petition, Petitioner asserted the following seven grounds for habeas relief: (1) that the trial court's conduct during jury deliberations deprived him of a fair trial, (2) that the verdict was against the weight of the evidence, (3) that his statement to police was involuntarily made, (4) that the trial court prevented him from presenting a defense, (5) that the trial court erred in admitting a brown leather coat and white Nike sneakers into evidence, (6) that the trial court erred in allowing the prosecution to raise his drug use in their direct case, and (7) that the cumulative errors deprived him of a fair trial.  (Docket No. 5). Thereafter, Respondent filed submissions in opposition, asserting that some of Petitioner's claims were unexhausted and the rest were without merit.  (Docket No. 15 & 16).

In May of 2003, Petitioner moved for a stay of his habeas proceedings so that he

could exhaust "numerous federal claims" contained in his Amended Petition. (Docket No. 21).[1] Petitioner's motion was granted in an Order dated July 1, 2003. (Docket No. 23).

On September 20, 2003, Petitioner filed a third CPL § 440 motion with the trial court, claiming ineffective assistance of trial counsel. Petitioner's motion was denied on January 21, 2004. On February 24, 2004, Petitioner moved for leave to appeal that denial to the Appellate Division Fourth Department. (Exhibit 8)[2]. Petitioner's leave to appeal was denied by the Appellate Division on April 14, 2004. (Exhibit 10)[3]. Nothing in the record denotes whether Petitioner exhausted any of his other "numerous federal claims."

Thereafter, Petitioner filed a Second Amended Petition on June 7, 2005. (Docket No. 50). Petitioner's Second Amended Petition lists only three grounds in support of habeas corpus relief, which included two claims from his previous petition and one new claim of ineffective assistance of counsel. Specifically, Petitioner's three claims are (1) that he was deprived of effective assistance of counsel, (2) that his statement was involuntarily made on March 25, 1993 and should have therefore been excluded from evidence, and (3) that the trial court erred in allowing evidence of Petitioner's drug use at trial. See (Docket No. 50). Thereafter, the Respondent filed a response in opposition. (Docket No. 55).

---

[1] In Petitioner's Motion for a Stay, he stated that he wished to exhaust his state remedies on "numerous federal claims." (Docket No. 21). Without specifically listing which claims he wished to exhaust, he cited to Respondent's Reply Memorandum, wherein Respondent argued that two of his seven grounds for habeas relief were unexhausted. (Id.). The two grounds listed by Respondent were (1) Petitioner's claim of trial court misconduct and (2) his claim that cumulative errors deprived him of a fair trial. See (Docket No. 16). Petitioner did not list "ineffective assistance of trial counsel" as a ground for habeas relief in his Amended Petition and did not specifically reference that claim in his stay motion. See (Docket No. 5 & 21).

[2] "Exhibit 8" is attached to the Answer to the Second Amended Petition filed by Respondent. It is Petitioner's Notice of Motion for leave to appeal to the Appellate Division.

[3] "Exhibit 10" is also attached to the Answer to the Second Amended Petition filed by Respondent.

### Ineffective Assistance of Counsel

Petitioner's first claim for habeas relief is based upon alleged ineffective assistance of trial counsel.[4]  Specifically, Petitioner claims that Mr. Rossi and Mr. Vavonese were ineffective because they allegedly failed to review over 700 pages of exculpatory documents.  Petitioner claims that these documents would have proven the theory that someone else committed the murder.  Petitioner argues that various forensic reports and other reports mentioning interviews with potential witnesses could establish his innocence.  See (Docket No. 21 p. 5).

Petitioner raised this specific aspect of his claim of ineffective assistance of counsel in his third CPL § 440 motion before the trial court.  In a decision dated January 21, 2004, the trial court held that "[d]espite the procedural bars to the Defendant's claim, the court has reviewed the documents submitted by the Defendant, as well as, the entire trial transcript and there is no merit to the Defendant's claim."  (Exhibit 7 at 7).[5]

However, whether the records are exculpatory in the trial court's view is not the threshold issue that needs to be addressed.  Rather, this Court must address whether Petitioner's trial counsel reviewed the documents.  There is nothing in the record to suggest that the trial court ever asked Petitioner's attorneys whether they reviewed the alleged exculpatory documents.  Respondent does not point to and there does not appear to be any

---

[4]Petitioner was represented by court appointed attorney, James McGinty, Esq. until February 4, 1994, where at the second date of his suppression hearing, Petitioner requested that he be allowed to hire a new attorney.  (SH 2/4/94 at 3-8).  Thereafter, Petitioner was represented by Emil Rossi, Esq. and Michael Vavonese, Esq.  (SH 3/10/94 at 3).

[5] "Exhibit 7" is attached to the Answer to the Second Amended Petition filed by Respondent.

evidence in the record that counsel reviewed the documents. Additionally, Respondent fails to adequately address whether, in light of the evidence at trial, Petitioner would have been prejudiced by trial counsel's failure to review these documents. See (Docket No. 55 at 7-10). Respondent simply asserts that "there is no reasonable probability that, but for counsel's alleged errors, th[e] result of the trial would have been different." (Docket No. 55 at 9). Respondent does not direct this Court's attention to specific instances in the trial transcript or evidentiary record linking this Petitioner to the crime.

"Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Drake v. Portuondo, 321 F.3d 338, 346-47 (2d Cir. 2003)(internal quotation marks omitted; alterations from original omitted). The Second Circuit has stated that a "district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). A full evidentiary hearing may not be necessary to resolve the type of factual dispute presented in this case. See Chang v. United States, 250 F.3d 79 (2d Cir. 2001). Instead, an affidavit from both of Petitioner's trial counsel explaining whether they reviewed the documents Petitioner is referring to, and if so, why they decided to pursue other avenues for defending their client, as well as any other information they deem relevant to the consideration of this issue, will be sufficient. See Rule 7(a), (b) of Rules Governing Section 2254 Cases (allowing the district court to direct that the record be expanded by the inclusion of affidavits).

### III. CONCLUSION

For the reasons set forth above, Petitioner's trial counsel shall have thirty (30) days from receipt of this Order to file and serve a response to the foregoing questions in the form of affidavits.  Both Petitioner and Respondent may also file submissions on these questions, if necessary, within fifteen (15) days after the filing of trial counsel's affidavits.  Additionally, Respondent shall address the question posed above with respect to whether Petitioner was prejudiced by any alleged constitutional violation, in light of the other evidence at trial, within fifteen (15) days after the filing of trial counsel's affidavits.  The Court expects Respondent to make specific citations to the trial transcript and record as to the evidence in the record that Respondent believes supports Petitioner's conviction.

Accordingly, Petitioner's[6] habeas corpus proceedings are stayed pending further submissions and proceedings.

The Clerk of the Court is directed to send a copy of this Order to Petitioner's trial counsel; Michael Vavonese, Esq., 220 S. Warren Street #700, Syracuse, NY 13020 and Emil Rossi, Esq., 100 E. Washington Street, Syracuse, NY 13202.

---

[6]According to the New York State Department of Correctional Services' official website, Petitioner is presently incarcerated in the Auburn Correctional Facility, therefore, the correct Respondent is Harold Graham, the Superintendent of the Auburn Correctional Facility.  28 U.S.C. § 2243.  In light of Petitioner's *pro se* status, the fact that this will not prejudice Respondent, and in the interests of court efficiency, this Court will deem the Petition amended to change the name of Respondent to Harold Graham.
The Clerk of the Court is directed to terminate Floyd Bennett as Respondent, add Harold Graham, Superintendent of the Auburn Correctional Facility, as the new Respondent, and revise the caption of this case accordingly.

IT IS SO ORDERED

DATED:   March 12, 2007
             Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge