UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS G. STEWARD,

                Petitioner,             No. 01-cv-0569
                                                           (GLS/VEB)
        v.

HAROLD GRAHAM,

                Respondent.
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PETITIONER:**
THOMAS G. STEWARD
*Pro Se*
97-B-1161
Auburn Correctional Facility
135 State Street
Auburn, New York 13021

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO          SENTA B. SIUDA, ESQ.
New York Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

**Gary L. Sharpe
U.S. District Judge**

## DECISION AND ORDER

    On April 19, 2001, Thomas Steward, proceeding *pro se,* filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New York State conviction and sentence for second degree murder, two counts of first degree robbery, and fourth degree criminal possession of a weapon.  On July 24, 2007, Magistrate Judge Victor Bianchini issued a Report and Recommendation ("R&R") recommending that the petition be denied.  (Dkt. No. 69.)[1]  Pending are Steward's timely written objections ("Objections") to the R&R.  (Dkt. No. 71.)

Steward objects in specific and detailed terms to Judge Bianchini's recommendation concerning his claim of ineffective assistance of counsel.  Accordingly, the court has reviewed this portion of the R&R *de novo.  See Brito v. Phillips,* 485 F.Supp.2d 357, 360 (S.D.N.Y. 2007) ("[W]here objections to a report are specific and address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections.") (citations and quotations omitted).  Upon careful consideration of Steward's arguments, the relevant parts of the record, and the applicable law, the court concurs with the R&R's disposition of Steward's ineffective assistance of counsel

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

claim.  Accordingly, for the reasons stated in the R&R, Steward's claim of ineffective assistance of counsel provides no basis for habeas relief.  Moreover, Steward's request for an evidentiary hearing is denied.

The Objections address only that portion of the R&R which recommends dismissal of Steward's ineffective assistance of counsel claim.  Accordingly, the court has reviewed the remainder of the R&R for clear error.  *See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6 (N.D.N.Y. Jan. 18, 2006).  Finding no error, the R&R is accepted and adopted in its entirety.  Furthermore, because the court finds that Steward has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Bianchini's July 24, 2007 Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that Steward's application for habeas corpus relief is DENIED and his petition is DISMISSED; and it is further

**ORDERED** that Steward's request for an evidentiary hearing is DENIED; and it is further

3

**ORDERED** that because Steward has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Date: May 19, 2008
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge